The first case is 23-1629, Samsung Electronics v. Power2B. Ms. Stewart, you have five minutes for rebuttal. Yes, sir. When you're ready. May it please the Court. Coke Stewart from Melvin A. Myers for Appellant Samsung. Samsung's appeal addresses two claim construction issues and one question of substantial evidence. And if you agree with Samsung on either, you would have to reverse the Board. Starting with the claim construction issues, the Board read the term detector assembly in the independent claims to require two or more detectors arranged on one edge. But nowhere in those claims is the requirement of two detector elements, nor is that requirement found in the specification. Yes, there are many examples of multiple detectors, but the specification states only that preferably the detector assembly includes an arrangement of detector elements, plural. Can I ask you before you go on? Yes, sir. First of all, about whether you forfeited the arguments? Your Honor, we did not forfeit the arguments. With respect to the single detector and one edge argument, first in our petition, on page 556 Samsung referred to REAM paragraph 69 at appendix 894, and that refers to figure 13C. Figure 13C shows a touch pad with four transceivers inside four edges of the touch pad. So basically there we're arguing a single detector on one edge at each time. Second, in the reply, at appendix 7562, Samsung opposed Power to Be's claim construction and argued that the claims are indifferent to whether the detector assembly includes a single detector element or multiple detector elements. There are also two more references in the reply. Samsung argued at appendix 7567 that Power to Be's construction introduces a new concept of array and excludes a single detector embodiment. And finally, at appendix 7572, again referring to REAM, Samsung also cited to its experts' testimony that detectors 30 and 32 would each be a detector assembly arranged at at least one edge of the interactive surface. We're looking at two different IPRs, if I'm not mistaken. Were all of those points that you just listed made in both of the IPRs, or just one of them? I believe they were, Your Honor, but most of the citations we've been relying on just for simplicity have been from the 850. You don't see it as any different issue, the forfeiture question, for the two IPRs? No, Your Honor, we do not. Also referring to what the meaning of assembly is, this question of whether there are multiple detectors, I think it's caught up in the meaning of assembly. And we agree that assembly includes two or more elements, but the elements don't have to include multiple detectors. For example, in the specification discussing figure four at appendix 394, it explains that in the preferred embodiment, the assembly comprises, broadly, a support substrate, detector elements, and a cover layer. And this description of the assembly being that's the multiple parts is tracked almost identically in claims 15 through 19 of the 850 patent, where the dependent claims break up the assembly. So if we agree with you that there doesn't have to be more than one detector, is there any dispute that the prior art shows an assembly of two or more elements? If it has one detector, is there any dispute that there's an additional element? No, no, your honor, because I said the assembly is so broadly described in the specification as just basically including some kind of substrate that the detectors rest on, and then a cover layer or housing or some other component. So no, your honor, I don't think there's any dispute about whether under any interpretation Rehm teaches an assembly. Turning to the edge construction, I think that's even simpler. Here, even if the dependent claims require more than one detector, they don't require it to be on a single edge. The claims always explicitly or implicitly require that the detector assembly be at at least one edge. And the specification states six times that at edges or at an edge is to be interpreted broadly. And this makes sense because a person of ordinary skill in the art would not look at the exemplary figures in the specification and say, okay, well, if the detectors were at the corner or there was a piece of the assembly on one side and the other, that somehow that wasn't meeting the claim elements because it wasn't on a single edge. And this is fatal to the edge portion of the board's construction, and therefore to its conclusion that Rehm doesn't teach a detector assembly. Lastly, turning to another independent basis to reverse the board, and that's the application of Rehm to the claim construction. Under any claim construction, Rehm meets the claim limitations. And I'll give you three reasons why. First, the text of Rehm. Rehm makes it painfully clear that it prefers multiple groups of optical components that include receivers. Just on the first page of Rehm in the abstract, that's at 1874, it explains that not one, but one or more groups of optical components are used to determine the location of an object. And the same language is found throughout the reference. For example, on the first full page of Rehm, and that's at appendix 1891, it teaches that at least one group can be arranged at different locations thereof, referring to the touchpad. And then when you look at descriptions of figures, for examples in paragraphs 52 through 57, at 1893, it discusses one, two, three, four groupings. And it's obvious they're illustrative, and there's no upper limit to the number of groupings that can be on various edges. The second reason why Rehm meets either construction. I mean, I struggle a little bit with this part of the argument, because at least the diagrams that I've looked at don't have multiple detectors on one edge. Well, I think there are two ways to look at it. Are there any actual examples in the specification, or are you relying on the broader language you're pointing us to? So, I definitely think we're relying on three different reasons why, although. Well, let me just cut to the chase. I mean, I'm looking at 6A, 6B, and 9E. None of those have multiple detectors along one edge, right? Correct. Is there anything that we've missed that actually shows a specific example where there are more than one detector along one edge, if we agreed with the board's construction on both points? I do think there are examples. First of all, there's the example in the specification of the circular edge. I mean, it doesn't have to be. It's like looking at these touchscreens. There's kind of like the touchpad equivalent of a stick figure. It's not really meant to show in great detail, a little bit more like the patent specification. It's not really, it's obviously not meant to show that level of detail. It's just showing the very basics about the way Rheem works. And so even though at first blush, it looks like, okay, there's one box within a square, and that one box is a receiver. We have, I think, persuasive testimony from our expert, Dr. Bederson, that a person of ordinary skill in the art, thinking about how you would actually construct this device, would not be thinking, okay, you've got one. Can I take you a little bit different place? If we agree with you that there only has to be one detector in an assembly, for the independent claims that don't have the plurality of detectors, is that just a reverse then? Or is that a, does the board need to look at it again? Is there any other parts of the claim that's disputed with regards to the prior art? We think it's a reversal, because there are other elements in Claim 15 and 26, but when you look at Claim 31, all those elements are found elsewhere in claims where the board found the limitations to be taught. Was there any dispute about those before the board? No, Power to Be didn't dispute the other elements. It was just about the two detectors. Yes, I just wanted to clarify, because I'm not sure it was crystal clear in the briefing, that not only did Power to Be not dispute those other elements, but the board affirmatively found, like made fact findings as to those elements, because they are found in Claim 31. Are there not some claims that, even if we agreed with you on the detector assembly, and to say we agree with you on at least one edge, are there not some claims that we would have to remand for further consideration? Yes, because the board, once the board said that this detector assembly element wasn't met, it just stopped its work. It didn't continue to make additional fact findings and reach other claim elements. And that's all the plurality-dependent claims. Right. Are there any other independent claims we would have to look at? I do not believe so, Your Honor. Those were affirmed. On the circular embodiment of Ream, Power to Be says you didn't make any argument about that to the board, and it'd be unfair for us to reach that. What's your response to that? Yeah, so we didn't explicitly call out that embodiment, but I think the point we're just trying to make, as we said, there were a lot of different ways. We pointed to so many different figures in Ream, and we were just trying to make the general point that there are a lot of ways to come at this, and the figure is very broad. And we thought it was important context to just point out in the specification in Ream that it could be a square, it could be an oval, it could be a circle, it could be a lot of different shapes, and not to be so hung up on missing the forest or the trees by just looking at the simple examples they gave. If your honors have no more questions, I'll reserve my time for rebuttal. Thank you. Thank you. Mr. Deming, it looks like you've reserved three minutes for rebuttal on your cost appeal. That's right, your honor. And you're ready. Thank you. Good morning, your honors. May it please the court. Mark Deming from Pulsinelli on behalf of Power To Be. Your honor, I'd like to begin with the detector assembly claims that are at issue today. And at the outset, we believe, your honor, that under any construction, substantial evidence supports the board's findings. And so although there's been a lot of discussion this morning about different claim constructions, whether or not those have been forfeited, we believe that the board's findings are that even if the court were to go with Samsung's construction, the board's finding that Rheem did not render the claims impenetrable would still be supported by substantial evidence. Your honor, the reason for that is that Samsung failed to identify components in Rheem constituting an assembly. It generally referred to all of the optical components in Rheem, the detectors and the emitters. Essentially, it pointed to a box of parts and said some combination of them could be an assembly, but with no explanation. The board said that this collection of components did not satisfy the claim language. These multiple components, multiple detectors, multiple emitters do not constitute an assembly. And so, your honor, under any construction, Wasn't there basis for that, that they read the claim as requiring more than one detector? Well, your honor, I think the board even looking at it, the board evaluated Samsung's original argument, which was emitters and detectors, and said that that did not constitute an assembly. The board even considered Dr. Peterson's testimony in the deposition, where he identified only two individual elements, two detector elements, and said that each of those was an assembly, which wasn't even an argument that Samsung had made. And then the board even went further and considered the two elements collectively as one assembly, which is an argument that neither Samsung nor Dr. Peterson made. And the board found that in each of those cases, those did not constitute a detector assembly. Your honor, on the other hand- Its analysis was, assuming we agree with Samsung that only one detector is required in an assembly, why isn't the board's further analysis infected by that error? Well, your honor, the board looked at the evidence that Samsung put forward, which was detectors plus emitters, and said that emitters cannot be part of the assembly. So the only two types of components that Samsung identified were emitters and detectors. And the board said emitters cannot be part of the detector assembly. I don't believe that that finding is the point- Why did they say that? An emitter emits, is the board's explanation. This is a- Right, because they were looking for a second detector. And obviously an emitter is not a detector, but if they didn't need a second detector, why isn't there an assembly there? A single detector by itself would not be an assembly, your honor. Even on appeal, Samsung does not argue that a single detector by itself constitutes- I understand their construction to be a detector assembly is a single detector, one or more detectors, plus one or more other components, which doesn't have to be a detector. That's their position, right? That is my understanding as well, your honor. And are you actually arguing that if we adopt their construction, that you still win? Yes, your honor, because what the board said, because I agree with you, your honor, that what Samsung, as I understand their plan of construction position, is that it's a detector plus something else. They're saying it doesn't need to be a second detector.  Yes, but the only components that Samsung identified and made of record in the proceeding below was detectors and emitters. And the board said- Well, I don't know if that's true, but even if it is, an emitter is an other component, wouldn't you agree? But the board said that emitter- But your argument, if I understand it correctly, is if we adopt their construction, you still win, and you just keep saying the board rejected their position. Got that. If we say the board was wrong on its construction, how do we affirm? Well, your honor, because my point is that- The board didn't make an alternative finding that even if they only required one detector, then Samsung still didn't prove that because it didn't show an assembly, did it? I'm sorry, your honor, could you repeat the question? The board didn't apply the construction that Samsung urges, which is a detector assembly only has to have one detector. That's right, your honor. So how do we know that there is no detector assembly here? That's what I asked your opposing counsel about whether it was undisputed if there's some other element in addition to the detector that could be part of the assembly. Yes, and it is disputed. This detector's not free-floating, it's attached to something. Yes, and on appeal, they identified a substrate as an example, they identified a cover layer as an example. Neither of those things were things that they identified in the underlying proceeding. And so we would say that they cannot rely on those new elements now to argue that there's other elements making up an assembly. And as a practical matter, I think a substrate or a cover are really just components of a detector. And so if those would count as an assembly- What about the emitters? Your honor, and that's where I think there's just a disagreement. And that the board, I think, made a finding about Rheem separate from the claim construction as to what types of components could be within a detector assembly. And it's that detectors can be, emitters cannot, because emitters serve a different function, they emit. Can you point that part to me in the board's decision? I thought that they excluded emitters, not because they couldn't be part of the assembly, but because they were looking to see whether an emitter was a detector. And it clearly isn't. Your honor, at appendix 27, I believe, the board says the petitioner argues that Rheem includes emitters and receivers, or optical sensor components. The board goes on, as we construe above, a detector assembly has two or more detector elements that detect electromagnetic radiation. Rheem's emitters emit light rather than detect it. And so there is an aspect of the claim construction that you're saying you need more than two. The board is saying an emitter is not a detector. No one is saying otherwise. My question remains, and it's maybe Judge Hughes' too, is if we don't agree with that construction, I don't see how we can affirm the lack of a detector assembly in Rheem. Your honor. I mean, the best you're gonna get is a vacate in Rheeman, not maybe an outright reversal, because the board didn't address the question of whether there's an assembly if it only has to have one detector. That's not what that paragraph says. I mean, that paragraph specifically says they're pointing to these emitters as part of the assembly. The emitters don't, the emitters are receivers, not, they don't. They're not detectors. Right. They're emitters, not receivers. I agree with you. The board's construction was. This is not helping you on a substantial evidence point. Okay, understood, your honor. Maybe you wanna actually spend time on the actual claim construction argument. Yes, your honor. So, your honor, our primary position on the claim construction argument is that it was forfeited below. Let's assume it's not. Yes, your honor. So, the board's construction was correct. The board, Power to Be proposed two aspects to its construction. It proposed that the detector assembly had to be two or more detector elements, and it also had to be a distinct structure. The board did not adopt the distinct structure aspect of Power to Be's construction, but did adopt the two or more elements. And, your honor, the board's construction is fully supported by all of the intrinsic evidence. The plain language of the claims says an assembly, which is more than just a detector element. If the patentee had wanted to claim a detector element, it could have, but it claimed an assembly. The dependent claims are consistent with this. Claims 17, 18, and 19, which are at appendix 420, each referred. Can you point to me your best example of an independent claim that suggests that an assembly has to have two or more detectors? Your honor, any of the independent claims, when they say the word assembly, it is an assemblage of something. It is not merely a detector element. It's an assemblage of detector elements. So, I think any of the independent claims is our best evidence. Is that a natural reading of detector assembly? Why can't an assembly be one detector and something like a substrate or other element? Your honor, I think if the patentee wanted to say a detector element or a detector sensor, it would have. And it describes individual components in the singular in other instances throughout the claims. If it thought the detector assembly always referred to two or more detectors, why did it feel the need to specifically identify a plurality of detectors in the dependent claims? Your honor, I think those dependent claims were adding other features and functions to the detector assembly, other than just saying it was a plurality of detector elements. I can refer to page 420 of the appendix. That doesn't really answer the question, though. I mean, if you thought that detector assembly inherently meant two or more detectors and the specification disclosed that, then there would have been no need to add the word plurality of detectors because it would have already been defined by detector assembly itself. Your honor, I'm just looking at, for example, claim 17, where it just specifies that the detector assembly comprises a support substrate and an arrangement of detector elements. If it was a single element, it could just say a support substrate. The additional limitation there is the substrate. And for example, I don't believe any of the dependent claims say, for example, that where in the detector assembly is a plurality of detector elements. It's always combined with something else. Your honor, in addition to the claim language, the specification also distinguishes very clearly between two types of embodiments. There are interspersed detector elements where they're interspersed throughout the surface layer, individual detector elements. Let's just assume we disagree with you about the detector claim limitation. Do you want to talk about the long one edge claim construction? Yes, your honor. So we don't believe that that was a claim construction question at all. I would describe that as the board applying the plain language of the claim to the prior art. And so assuming that the construction of detector elements is two or more detectors, then all the board was saying is that there must be two or more detectors. Well, I get that. But let's assume that was error. Yes, your honor. Does that error infect their long one edge application? I agree with you. I don't see any specific claim construction or even implicit claim construction along one edge. But it seems that they've used the two detector elements in a way that kind of subverts their long one edge analysis as well. So your honor, if the construction was, as Samsung suggests, and it was a detector plus something else, I think then the board would still be looking for the detector plus the something else all on one edge. And Samsung still did not identify that. The board found that Samsung never clearly identified any edge. Throughout Samsung's briefing below, they always referred to the edge in the singular. There's, I think, one reference, it's a fleeting reference, it's even in a parenthetical that referred to edges as a plural. This was something that only came up on appeal. And Samsung's construction, your honor, is just wrong. If a single element on any edge was sufficient, in other words, there would be no one edge that would need to have two or more detectors. So this would essentially be either eliminating the detector assembly limitation or the edge limitation, your honor. And I see him into the rebuttal period. Thank you.  Just a few points, your honors. We would ask that the court grapple with the issue of what Reem teaches, even if it agrees with us in the claim construction, because our concern is otherwise we're just gonna go back to the board, they're just gonna look at Reem again, they're gonna say, there's a box, there's a box here, and we're gonna be back up again. And one particular concern we have is that the board didn't really grapple with the expert testimony on this point. Well, let me ask you this, because I'm a little concerned whether there's a clear enough understanding of Reem, and I think the board has to do it in the first instance, and also what it means to have an assembly. Let's assume we agree with you that detector assembly can only, can have just one detector. And so, and something else. But there's been no, did the board do a construction on that something else? My understanding is the board just said, we need two, Reem doesn't show two, so we're gonna stop. Yes. And I'm a little uncomfortable about how far we go on determining whether Reem, I think we can, if we're doing, correcting their claim construction, we can say detector assembly includes one detector, and I assume you've proposed something in your papers below, but what you've talked about in your appellate briefs of being a substrate, do you think the emitters can be part of the assembly? We do, because the specification uses the word comprises, and when it discusses what's in the assembly, so it's really not limiting. So it's just one detector element in addition to additional elements, conformance. If we say that, then can't the board then figure out what Reem discloses? Well, yes, except I think they could get hung up on the one-edge issue again, and I know you- We're sure, we've got to deal with that too. Yeah, so then, right. But I think the one-edge issue, at least for the independent claims, is largely the result of their hypothetically erroneous claim construction requiring two. If it only requires one, even if it is along one edge, all the independent claims clearly are along one edge, at least, and so it's just the dependent claims that we need to discuss. Right, and as you said, some have an arrangement or they have a plurality, and we just wouldn't want them to say, okay, well, you win as the independent claim because you've shown one detector on one edge, and then just kind of miss the boat on everything else, which is okay, fine, some require two. Now what do we do? Does it really have to be on one edge when it says at least one edge? Right. Do you view the at least one edge as a claim construction question on the hypothetical where we've reversed the claim construction on the detector assembly? Do we have a second claim construction dispute? Is that what you're saying? We think you do, because below, the argument was really about this separate issue that we're not even talking about here today, which is, is there a structure? Is there an array? I mean, that was the whole ballgame, and we're not even talking about that here. So what happened was kind of out of the blue in the final written decision, the board spent three pages saying, okay, well, maybe there's two detectors on two different edges, but there aren't two detectors on a single edge, and then they spent three pages talking about that, which I don't think anybody was expecting that once they said, okay, you don't need a structure, you don't need an array, well, now there's this other part of the claim limitation, one edge, and we have to construe it. And as we said, first of all, it says at least one edge many, many times, and the one time it says and an edge, it's implicit that it's referring to one or more, because that's how you interpret claims when it says and, or the, or the. So we think that's important. But again, we just didn't want to let the application of REAM kind of not be included in whatever you all might be thinking of doing, because it just seems like the board was looking at such a high level. They were just looking at the figures. I mean, does it solve the problem if we anticipate that there's gonna be a claim construction issue with the along one edge and make our views known on that proper claim construction? Yes. Because that's gonna be the dispute for the dependent claims. If you say at least one edge is not, one edge is not the proper reading of at least one edge, then the interpretation of REAM is, it must be. I mean, even under the simple drawings. Real quickly on detector assembly, Mr. Denning says you never pointed to the substrate as possibly being the additional component plus one detector. Is he right about that? Yeah, I'm not sure we did, Your Honor. I think we were just referring generally to different components that could be in the assembly, and we were starting with the concept of emitters and detectors, because those were described in kind of assembly language as optical components. So we didn't really feel the need to get into exactly how the detector is attached, or is there a cover on top of it, or is there a housing? We just thought that was there. Okay, I think we have your argument. Mr. Deming, you didn't raise your cross appeal on your opening, and she didn't raise it on rebuttal, so you'll just have to rest on your briefs on that. Okay, I'm not allowed to raise it at this time, Your Honor? No, you have to raise it during your opening. No, you don't get rebuttal. You only got rebuttal on your cross appeal, and you didn't raise it. You don't get a rebut her argument. She gets the last word, so the case is submitted.